PEARSON, Judge.
The controlling question upon this appeal is whether a contract which is either a contract of indemnity against loss or a contract of indemnity against liability is breached (1) by a judgment against the promisee, or (2) by the payment of the judgment by the promisee. The question arises in the following manner.
The appellees, John D. MacArthur and Bankers Life and Casualty Company purchased land and construction thereon and in progress from the appellants, Julius Gaines and Gaines Construction Co. As a part of the consideration for the sale the appellants received from the appellees an agreement in letter form as follows:
“July 13, 1961
“Mr. Julius Gaines
Gaines Construction Co.
Opa Locka, Florida
“Dear Julius:
“This letter will assure you that there will be no effort made to collect from you on account of any guarantee you might have made in connection with Haven Green Development Co. I will personally hold you and the Gaines Construction Co. harmless on the entire transaction, including but not limited to any claims, accounts or obligations incurred or arising out of the construction and development of Haven Green.
“This letter is given in consideration of the settlement we have entered into recently.
“Yours truly,
/s/ John MacArthur
JOHN MacARTHUR
“BANKERS LIFE AND CASUALTY COMPANY
by /s/ John MacARTHUR
President”
*10 Thereafter on June 25, 1963, a judgment was rendered against the appellants for labor and materials used in the construction project. Appellants paid the judgment on December 20, 1966. An action was brought to enforce the contract above quoted on May 6, 1970. The complaint was in two counts, the first of which sets forth the contract, the judgment and the payment of the judgment. The appellees moved for a summary judgment on that count upon the sole ground that the cause of action stated in the count was barred by F.S. § 95.11(3), F.S.A.[1] The trial court entered the summary judgment and this appeal is from that partial summary judgment.
The parties agree that the five year term of the statute of limitations is governing. The dispute is as to the time that the cause of action accrued. Appellant urges that the contract is one of “indemnity” and not of “indemnity from liability,” therefore the action accrued only upon appellant’s payment of the judgment. The appellee alleges that the distinction is not important and that under the law of this state a cause of action accrued upon the contract at the time that a judgment was entered on the claim for labor and materials. If the action on the contract accrued at the time of the entry of the judgment, then the period of the statute had run and the partial summary judgment must be affirmed. If the right of action on the contract accrued at the time of payment the five year period of the statute of limitations had not run at the time the present action was filed and the partial summary judgment must be reversed.
We must determine first if the distinction between contracts of indemnity against loss and contracts of indemnity against liability exists in this state. The difficulty in distinguishing the two types of contracts is recognized by the leading textbook writers. See 11 Williston on Contracts 3rd Ed. § 1409 (1958); 5A Corbin on Contracts § 1150 (1964). In a case comment in 24 Calif.L.Rev. (1936) the distinction is set out and explained at page 193.
“The distinction between contracts of indemnity against liability and contracts of indemnity against loss has caused a good deal of confusion. The former may be defined as an undertaking of the indemnitor to stand in the place of the indemnitee in the performance of some act, as in the payment of a debt due to a third person. The right of action springs into existence with the accrual of liability and the failure to discharge it. The contract of indemnity against loss is an undertaking to repay or reimburse the indemnitee or to make good the actual loss which he may suffer. The indem-nitee, therefore, cannot recover on the covenant until he has paid or otherwise satisfied the obligation.
“Whether a contract is one of indemnity against liability or against loss must necessarily depend upon its terms and the intent of the parties. Contracts of indemnity are, however, strictly construed, unless it clearly appears otherwise, the contract will be held to be against loss. This result is reached in part because of the difficulty of assessing damages in contracts of indemnity against liability and in part because the opposite construction might result and in double liability for the indemnitor. * * * ”
The distinction between contracts of indemnity against loss and contracts of indemnity against liability has been recognized in Florida. Solary v. Webster, 35 Fla. 363, 17 So. 646 (1895). The distinction has been applied in cases involving the statute of limitations in other states. *11 O’Connor v. Aetna Life Ins. Co., 67 Neb. 122, 99 N.W. 845 (1904); Sorensen v. Overland Corp., 142 F.Supp. 354 (D.C.Del.1956) affd. C.A. 3, 242 F.2d 70.
We return to the contract here sued upon to determine if it falls within the classification of contracts of indemnity against loss or of indemnity against liability. A reading of the contract quoted in full above shows that it gives comfort to argument that it is a contract of one or the other type. The contract states that the. appellees agree that they will undertake to see that “ * * * there will be no effort made to collect from you on account of any guarantee you might have made * * * ” and then appellees agree that they will “ * * * hold you and the Gaines Construction Co. harmless on the entire transaction, including but not limited to any claims. * * * ”
We hold that the contract is ambiguous as a matter of law. It is fundamental that an ambiguity in a contract will ordinarily be construed in favor of the party receiving the benefits of the contract where the contract is drawn by the party giving the contract. Watson v. Poe, Fla.App.1967, 203 So.2d 14. The letter given by appellees as a part of the consideration for the purchase was clearly drawn by the appellees. It therefore must be accepted for what it purports to be; that is a promise to see that appellants are saved from harm by reason of any account incurred on the property purchased. As such, appellants were justified. in relying »on the promise until they were required to pay the judgment.
We hold that the cause of action alleged in count one accrued at the time of the payment of the judgment and that it is' not barred by the statute. The partial summary judgment is reversed and the cause is remanded for further proceedings in accordance with this court’s holding that the statute of limitations does not bar the first cause of action stated in the complaint.
Reversed and remanded.

. 95.11 Actions other than those for the recovery of real property can only be commenced as follows:

(3) Within five years — An action upon any contract obligation or liability founded upon an instrument of writing not under seal.