286 So.2d 608 (1973)
John D. MacARTHUR and Bankers Life and Casualty Co., Etc., Appellants,
v.
Julius GAINES et al., Appellees.
No. 73-369.
District Court of Appeal of Florida, Third District.
December 11, 1973.
Fuller & Feingold, Miami Beach, for appellants.
Cushman & Cushman, Miami, for appellees.
Before PEARSON and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
HAVERFIELD, Judge.
Defendant-appellants seek review of an adverse final judgment entered in favor of plaintiffs in an action to recover obligations owed by the defendants arising out of an indemnity agreement.
In 1958, Gaines Construction Company contracted with Haven Green Development Company to construct a townsite in Brevard *609 County, Florida. Before 1960, construction ceased for lack of funds and as a result various materialmen and laborers were about to file suit to establish mechanics' and materialmen's liens against the townsite of "Haven Green", Gaines Construction and Julius Gaines, president and sole stockholder thereof, for monies owed them upon accounts and obligations incurred by Gaines Construction and Julius Gaines arising out of the construction and development of Haven Green for labor and material. During 1960, John MacArthur, president and sole stockholder of Bankers Life and Casualty Co., negotiated with Julius Gaines to have the entire Haven Green development turned over to him (MacArthur) in exchange for his (MacArthur's) promise to pay off all the creditors. Thereafter, Gaines agreed to the proposal upon the understanding that MacArthur would give him a written agreement to pay the creditors. In July 1961, in exchange for a conveyance of Gaines' interest in another tract of land, MacArthur delivered to Gaines the indemnity agreement upon which the instant suit was brought. Thereafter, Julius Gaines conferred with the various creditors of Haven Green and then wrote MacArthur a letter in which he advised him (MacArthur) of possible settlements and urging him to settle. In response, MacArthur told Gaines that when the creditors got tired of fighting the lawsuits, he would settle with them and for Gaines to forget about it.
In May 1962, Construction Products filed suit against Haven Green, Gaines, Gaines Construction, MacArthur, and Bankers Life and Casualty to recover an obligation incurred in the construction of Haven Green. Before trial, the suit was dismissed without prejudice as to MacArthur and Bankers Life. Construction Products recovered a judgment against Julius Gaines and Gaines Construction which paid $8,179.40 in discharge thereof.
On February 21, 1967, James Sottile, Jr. recovered judgment against Gaines Construction for $79,515.24 in Brevard County, Florida upon an obligation incurred or arising out of the construction of Haven Green. Gaines Construction thereafter filed suit in Dade County and obtained a judgment enjoining Sottile from enforcing his 1967 judgment. An appeal therefrom was taken to this court (which was decided in Sottile's favor after the conclusion of the trial of the instant case).[1] Plaintiffs, Julius Gaines and Gaines Construction Company brought action against the defendants, MacArthur and Bankers Life and Casualty Co., to recover on the indemnity agreement[2] for the two judments entered against the plaintiffs for obligations owed to creditors on the construction project, which obligations defendant MacArthur had agreed to assume.
A non-jury trial was held, at the conclusion of which the trial judge found that the plaintiffs had proved the material allegations of their amended complaint and entered judgment for plaintiffs for $8,179.40 plus interest on their first cause of action (i.e. the judgment recovered against plaintiffs by Construction Products). He further ordered with regards to plaintiffs' second cause of action that in the event that Gaines Construction Company would be found liable to James Sottile, Jr.[3] and Gaines Construction pays that judgment, the plaintiffs would be entitled to indemnification therefor by defendants, MacArthur and Bankers Life.
On appeal, defendant-appellants basically contend that the trial court erred in holding them liable for the debts of the indemnitee, Gaines, where appellant-indemnitors were not a party to the suits, were not requested *610 to defend the suits, and therefore were not bound by the facts established in prior litigation. We cannot agree.
It is well established that where an indemnitor has notice of suit against his indemnitee, and is afforded an opportunity to appear and defend, a judgment therein rendered against the indemnitee, if without fraud or collusion, is conclusive against the indemnitor as to all material questions therein determined. Westinghouse Elec. Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211; Grain Dealers Mut. Ins. Co. v. Quarrier, Fla.App. 1965, 175 So.2d 83; and 17 Fla.Jur. Indemnity § 7 (1958).
After a review of the record it is abundantly clear that the appellant-indemnitors knew of the existence of the liabilities before the suits were brought and thus were on notice and had an opportunity to defend. In fact, in the litigation involving Construction Products, appellants were originally made party defendants thereto, but subsequently were dismissed without prejudice.
Further, assuming arguendo that appellant-indemnitors were not given notice, such omission, however, does not affect the right of action against them, but simply changes the burden of proof and imposes on the indemnitee the necessity of again litigating and establishing all of the actionable facts. 42 C.J.S. Indemnity § 32(2) (1944). The trial judge acting in his capacity as trier of the fact in the case sub judice determined that plaintiff-indemnitees had proven the material allegations of their complaint and thereby had sustained their burden of proof. Being neither contrary to the manifest weight of the evidence nor clearly erroneous, these findings of the trial judge will not be disturbed on appeal.
Accordingly, for the reasons stated hereinabove, the judgment of the trial court is affirmed.
Affirmed.
NOTES
[1] See Sottile v. Gaines Construction Company, Fla.App. 1973, 281 So.2d 558.
[2] See Gaines v. MacArthur, Fla.App. 1971, 254 So.2d 8, wherein this court held the agreement to be one of indemnity against loss.
[3] Which event did occur, see footnote #1.