469 So.2d 863 (1985)
POST HOUSES, INC., a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant/Cross-Appellee,
v.
FIREMAN'S FUND INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellee/Cross-Appellant.
Nos. AY-477, BA-176.
District Court of Appeal of Florida, First District.
May 14, 1985.
Rehearing Denied June 14, 1985.
*864 Dudley D. Allen, of Wilbur & Allen, Jacksonville, for appellant.
Stephen M. Andrews, of Field, Granger, Santry & Mitchell, Tallahassee, for appellee.
SHIVERS, Judge.
In these consolidated appeals, Post Houses, Inc., appeals summary judgment granting Fireman's Fund Insurance Company (Fireman's Fund) indemnity against appellant for a settlement the insurance company made. Fireman's Fund appeals the denial of attorney fees incurred by it in establishing the right of indemnity. We affirm both.
Post Houses, Inc., subleased a restaurant area in the Tallahassee Greyhound Bus Terminal. In the sublease agreement, Post Houses agreed to indemnify the sublessor for damages arising out of injuries occurring in the restaurant area. The sublessor was insured by Fireman's Fund.
After Annie Mae Kirkland slipped and fell in the restaurant area of the bus terminal, Fireman's Fund wrote Post Houses, advising them of the incident and stating that should a claim be made, that Fireman's Fund would look to Post Houses for indemnity. Ms. Kirkland's attorney demanded that Fireman's Fund compensate Ms. Kirkland for her fall. Fireman's Fund received no response from Post Houses. Over seven months after its letter notifying Post Houses, Fireman's Fund settled with Ms. Kirkland for $75,000. Post Houses refused to reimburse Fireman's Fund which then instituted this action for indemnity.
We note initially that the fact of voluntary payment does not negative the right to indemnity, since a person confronted with an obligation that he cannot legally resist is not obligated to wait to be sued and to lose a reasonable opportunity for compromise. 41 Am.Jur.2d, Indemnity, § 33, p. 723. We conclude Post Houses had notice and a reasonable opportunity to investigate and defend this claim but failed to do so.
In MacArthur v. Gaines, 286 So.2d 608, 610 (Fla. 3d DCA 1973), that court held:
It is well established that where an indemnitor has notice of suit against his indemnitee, and is afforded an opportunity to appear and defend, a judgment therein rendered against the indemnitee, if without fraud or collusion, is conclusive against the indemnitor as to all material questions therein determined.
Here, the indemnitor, Post Houses, was on notice of the claim well in advance of the settlement. The rule espoused in MacArthur applies in settlement situations as well. Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). Post Houses is, thus, required to indemnify Fireman's Fund for the amount of the settlement and is entitled to prejudgment interest on the amount of the indemnification.
The trial court correctly denied Fireman's Fund's request for attorney fees in establishing its right of indemnity.
This case fits the general rule that although attorney fees incurred in defense of claim indemnified against are part of the damages and are allowable, attorney fees incurred in establishing the right to indemnification are not allowed. See American and Foreign Insurance Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st *865 DCA 1981). We note, however, conflict with the decision in Brown v. Financial Indemnity Company, 366 So.2d 1273 (Fla. 4th DCA), cert. denied, 378 So.2d 342 (Fla. 1979), and certify the conflict pursuant to Fla.R.App.P. 9.030(a)(2)(A)(iv).
AFFIRMED.
SMITH and WIGGINTON, JJ., concur.