NESBITT, Judge
(dissenting):
I respectfully dissent.
The Mall claims a subrogation clause of the parties’ lease agreement prohibits Home Depot’s reimbursement of attorney’s fees. Home Depot claims an indemnity clause of the same lease agreement entitles it to attorney’s fees. The Mall responds that even if the indemnity clause were applicable, Home Depot would not be entitled to attorney’s fees because it did not timely tender its defense to the Mall.
The majority holds that the indemnity clause is the applicable clause of the lease, but that Home Depot is not entitled to indemnity because there was never an apportionment of liability on the part of the *1029 parties. I agree with the majority that the indemnity clause applies. However, I disagree with the finding that a court of law must apportion liability before Home Depot is entitled to indemnity.
An indemnification contract does not become inoperable simply because a settlement is accomplished, see Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, 385 So.2d 676 (Fla. 3d DCA 1980), especially when, as here, it is the indemnitor itself which reaches the settlement with the injured third party on behalf of the indem-nitee. The law is clear that recovery of legal expenses is a proper component of an indemnity claim. Florida Patient’s Compensation Fund v. Miller, 436 So.2d 932, 933 (Fla. 3d DCA 1983); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979). Recovery of such expenses is afforded an indemnitee’s insurance carrier. E.g., Snider v. Continental Ins. Co., 519 So.2d 12 (Fla. 5th DCA 1987); American and Foreign Ins. Co. v. Avis Rent-a-Car Sys., 401 So.2d 855 (Fla. 1st DCA 1981). Therefore, attorney’s fees are recoverable under the indemnity contract.
The majority provides a second basis for its denial of attorney’s fees with which I also disagree. The court finds Home Depot is not entitled to attorney’s fees because it did not notify the Mall of the third party suit and tender its defense in a timely manner. The question is whether the Mall had notice and opportunity to defend prior to Home Depot’s formal tender of the defense which would have enabled the Mall to avoid paying Home Depot’s attorney fees up to the time the defense was formally tendered. See MacArthur v. Gaines, 286 So.2d 608, 610 (Fla. 3d DCA 1973). It has been held that a formal tender of a defense is not necessary where reasonable notice has been given sufficient to permit the indemnitor to participate fully in the defense. See generally Annotation, Sufficiency and Timeliness of Notice by Indemnitee to Indemnitor of Action by Third Person, 73 A.L.R.2d 504, 536-37 (1960). The question of the reasonableness of notice depends upon the circumstances of each case. Id.
In this case, the facts show that Levy originally joined Home Depot and the Mall as co-defendants in his suit. Clearly, the Mall was on notice of the suit against its indemnitee from the start and could have stepped in and offered to undertake Home Depot’s defense. See Hull & Co. v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982); MacArthur, 286 So.2d at 610. Home Depot obtained a favorable summary judgment which, had it been upheld on appeal, would have absolved it from any liability. It is totally possible that, had the Mall undertaken the defense from the start, it would have sought the summary judgment which Home Depot obtained for itself. Regardless, the facts show that the indemnitor was on notice of the suit and was not left in the dark for two and one-half years.
Accordingly, I would hold that Home Depot is entitled to attorney’s fees as part of its indemnity contract rights. I would thus reverse the summary judgment entered and remand for a hearing as to the reasonableness of the fees. Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).