806 So.2d 548 (2001)
Veron CARAVAKIS, Petitioner,
v.
ALLSTATE INDEMNITY COMPANY, a foreign corporation authorized to do business in the State of Florida, Respondent.
No. 2D00-4027.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*549 Tony Griffith of Tanney, Eno, Tanney, Griffith & Ingram, P.A., Clearwater, for Petitioner.
Anthony J. Parrino of Reynolds & Stowell, P.A., St. Petersburg, for Respondent.
BLUE, Chief Judge.
Veron Caravakis, plaintiff in the county court, seeks review of an order by the circuit court sitting in its appellate capacity. The order affirmed a summary judgment entered by the county court in favor of Allstate Indemnity Company, defendant below. Because the circuit court afforded procedural due process and applied the correct law, we must deny certiorari relief.
Caravakis is insured by Allstate and sued the insurance company, alleging that it failed to pay PIP benefits that were due. The PIP policy provided that Allstate may refuse to pay for medical expenses that it deemed to be "unreasonable or unnecessary," but it would defend and indemnify Caravakis if he was sued by a medical provider for the amount Allstate refused to pay. Because Allstate had paid on the claims, albeit only the amount it deemed reasonable and necessary, the county court granted Allstate's motion for summary judgment. A one-judge panel of the circuit court affirmed, concluding that Caravakis suffered no damages until sued by a medical provider.
To determine whether certiorari relief should be granted, this court applies a two-part test: first, whether the circuit court afforded procedural due process; and second, whether it departed from the essential requirements of the law, which is a violation of a clearly established principle of law resulting in a miscarriage of justice. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995). When established law provides no controlling precedent, the circuit court cannot be said to have violated a clearly established principle *550 of law. Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla.2d DCA 1997).
We have found no appellate cases repudiating the policy endorsement at issue in this case, and Caravakis has cited none in his petition. Even though we might agree that the PIP statute is violated by a policy provision that requires an injured person to be sued by his medical provider before he can contest the reasonableness and necessity of medical expenses, this argument presents a matter of statutory interpretation unsuitable for the limited standard of review in a certiorari proceeding. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 683 (Fla.2000) (holding that certiorari should not be used when a district court merely disagrees with the circuit court's interpretation of the applicable law). We are therefore required to deny the petition because Caravakis has failed to establish the threshold requirements for certiorari relief.[1]
Although we deny relief in this case, we write to encourage the county courts to certify the issue to this court pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A) because it appears that there are conflicting decisions at the county court level on the validity and enforceability of this provision.
Petition denied.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] In a notice of supplemental authority and subsequent motion for rehearing, Caravakis argues that this court should follow the First District's recent decision in Kaklamanos v. Allstate Insurance Co., 796 So.2d 555 (Fla. 1st DCA 2001), which granted certiorari under similar facts. Although we are of the opinion that we lack certiorari jurisdiction, we note that future litigants in this district will be bound by the First District's decision until the question is squarely decided by this court. See Chapman v. Pinellas County, 423 So.2d 578, 580 (Fla. 2d DCA 1982) ("[A] trial court in this district is obliged to follow the precedents of other district courts of appeal absent a controlling precedent of this court or the supreme court.").