NORTHCUTT, Judge.
Kenneth Burgess, an insured under an Allstate Indemnity Company insurance *131 policy providing personal injury protection [1] and automobile medical payment benefits, obtained medical care for injuries he received in an automobile accident. When Allstate refused to pay the full amount of some of Burgess’s medical bills, he sued it for breach of the insurance contract. Allstate contended Burgess had suffered no damage because he had not been sued by the affected medical providers. Its policy contains an indemnity clause, which states:
Unreasonable or Unnecessary Medical Expenses
If a person insured incurs medical expenses which we deem to be unreasonable or unnecessary, we may refuse to pay for those medical expenses and contest them.
If the person insured is sued by a medical services provider because we refuse to pay medical expenses which we deem to be unreasonable or unnecessary, we will pay resulting defense costs and any resulting judgment against the person insured. We will choose the counsel. The person insured must cooperate with us in the defense of any claim or lawsuit. If we ask a person insured to attend hearings or trials, we will pay up to $50 per day for loss of wages or salary. We will pay other reasonable expenses incurred at our request.
The circuit court agreed with Allstate and granted summary judgment in its favor. We reverse.
The issue presented in this case is essentially the same one we encountered in Caravakis v. Allstate Indemnity Co., 806 So.2d 548 (Fla. 2d DCA 2001), where the county court had granted Allstate summary judgment on the same basis that the summary judgment was granted in this case. Caravakis came to this court on a petition for writ of certiorari, seeking review of a circuit court’s decision in its appellate capacity. We did not reach the merits of the petitioner’s argument because it “present[ed] a matter of statutory interpretation unsuitable for the limited standard of review in a certiorari proceeding.” Id. at 550. But the court did note that it “might agree that the PIP statute is violated by a policy provision that requires an insured person to be sued by his medical provider before he can contest the reasonableness and necessity of medical expenses ....” Id. at 550.
While Caravakis was pending in this court, the First District addressed this same issue on a petition for writ of certio-rari in Kaklamanos v. Allstate Insurance Co., 796 So.2d 555 (Fla. 1st DCA 2001). As in Caravakis, the circuit court had affirmed a county court summary judgment in Allstate’s favor based on the indemnity provision in its PIP policy. But the First District held that its certiorari jurisdiction enabled it to reach the merits of the case, and it quashed the decision under review with directions that the circuit court reverse the county court’s summary judgment and remand for further proceedings. Kaklamanos, 796 So.2d at 557-58, 561. While we may differ with the Kaklamanos court’s analysis of certiorari jurisdiction, we agree with its holding on the merits.[2] Because this case is before us on direct appeal of a summary judgment, we are not constrained by the limited standard of review applicable in a certiorari proceeding. *132 We review this legal issue de novo, adopt the Kaklamanos reasoning, and reverse.
As the First District noted, the indemnity clause on which Allstate relied did not purport to restrict the insured’s right to sue. Id. at 558. Yet in all these cases, Allstate has claimed that the insureds lack standing to sue based on that provision. In essence, Allstate argues here that Burgess has not suffered any damages from its failure to fully pay the medical bills. We disagree. An insured “may be damaged by an insurance company’s failure to pay a claim even if the insured has not already paid or been sued by the medical provider.” Id. at 561.
As the Kaklamanos court succinctly pointed out, Allstate’s argument confuses the distinction between contracts of indemnity against liability and contracts of indemnity against loss. Allstate’s policy is a contract of indemnity against liability, and a cause of action under such a contract “springs into existence with the accrual of liability and the failure to discharge it.” Id. (citing Gaines v. MacArthur, 254 So.2d 8, 10 (Fla. 3d DCA 1971)). Thus, an insured’s right of action against his PIP and medical payments insurer arises thirty days after written notice to the insurer that reasonable and necessary medical treatment covered by the insurance has resulted in a debt. See § 627.736(4)(b), Fla. Stat. (1997). The indemnity provision in Allstate’s contract does not alter this right.
We reverse the summary judgment entered in favor of Allstate and remand for further proceedings.
PARKER and FULMER, JJ., Concur.

. § 627.736, Fla. Stat. (1997).

. In a footnote, the Caravakis court noted that although it believed it lacked certiorari jurisdiction, "future litigants in this district will be bound by the First District's decision [in Kaklamanos v. Allstate Insurance Co., 796 So.2d 555 (Fla. 1st DCA 2001) ] until the question is squarely decided by this court.” Caravakis v. Allstate Indem. Co., 806 So.2d 548, 550 n. 1 (Fla. 2d DCA 2001).