395 So.2d 1159 (1981)
Delbert HOSKINS and Martha Hoskins, Appellants,
v.
MIDLAND INSURANCE COMPANY a/s/o Resolute Insurance Company, Appellee.
No. 80-1257.
District Court of Appeal of Florida, Third District.
January 27, 1981.
Rehearing Denied April 13, 1981.
*1160 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellants.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, David E. Stone, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
In an action on a contract of indemnity, we reverse the order of the court below on the ground that the prevailing party was collaterally estopped to seek the verdict ultimately obtained.
Appellee Midland Insurance Company brought the action below as subrogee of Resolute Insurance Company. Resolute was, among other things, a surety; Eddie Hoskins was an agent who wrote bail bonds for Resolute; and appellants Hoskins are his surviving son and wife, who agreed, as a precondition to Resolute's allowing them to continue Eddie's business, to indemnify Resolute for all losses which accrued to it through Eddie's agency. Included among such losses was a $97,000 estreature by an Iowa court, occasioned by the non-attendance of one Willie Sellers, for whom Eddie's employee Wilson had fraudulently posted bond. It is that loss for which Midland seeks contractual indemnity.
Because of the disfavor in which Florida courts hold agreements to indemnify parties against their own wrongful acts, enforcement of such agreements is denied in the absence of clear and unequivocal contractual expression of such an intent; without such an expression, a contractual indemnitor's obligation is negatived by any fault of the indemnitee as legal cause of its own loss. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979). Since the contract of indemnification signed by appellants Hoskins did not purport to indemnify Resolute for its own wrongful acts, the primary issue became whether or not Resolute was responsible in any degree for the loss for which it sought indemnification.
Resolute had appealed the Iowa estreature on the basis that Wilson's posting the bonds was a fraudulent act beyond his authority, and that Iowa officials were on constructive notice that the bonds were invalidly issued. It was ultimately decided in Iowa's Supreme Court that the bonds were *1161 indeed fraudulently issued, but that they nonetheless properly were estreated; essential to the court's judgment was its conclusion that the fraud was facilitated by Resolute's negligence, inter alia, in the drafting of its bond documents. State v. Sellers, 258 N.W.2d 292, 297-99 (Iowa 1977).
The question before this court relates to the precedential effect in the trial below of the Iowa court's findings and conclusions relating to Resolute's negligence.
It is clear that a judgment against an indemnitee, arising from a suit in which the indemnitor has knowledge and opportunity to defend, is binding (res judicata) on the indemnitor on all essential issues decided (in the absence of fraud or collusion). Wright v. Fidelity and Casualty Co. of New York, 139 So.2d 913 (Fla. 1st DCA 1962). That rule ordained the result in Westinghouse Electric Corp. v. J.C. Penney, Inc., 166 So.2d 211 (Fla. 1st DCA 1964), where the department store sought contractual indemnification for damages paid by it, the result of a judgment obtained by a customer for injuries sustained on a store escalator maintained by Westinghouse. In that earlier action, which Westinghouse declined to defend, it was adjudged that the customer's injuries were proximately caused by negligent maintenance of the escalator. The store won its claim for indemnification on the basis that the former judgment adverse to the store was res judicata, insofar as Westinghouse's ability to deny its negligent maintenance was concerned.
But Florida courts appear not to have encountered the question of the precedential effect of the earlier judgment on the indemnitee, in his action over against his indemnitor.
Having studied the question, and its resolution in other jurisdictions, we come to the conclusion cogently expressed by an annotator, 24 A.L.R.2d 329, 330:
Irrespective of whether a judgment obtained by an injured person against an indemnitee is conclusive upon the indemnitor under the general rules governing the conclusiveness of judgments, the authorities which have considered the subject ... as a distinct question hold unanimously that an indemnitee, in his action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered, and that, if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the latter action cannot be successfully maintained.
We adopt the rule expressed by the Restatement of Judgments § 107 (1942):
In an action for indemnity between two persons who stand in such relation to each other that one of them has a duty of indemnifying the other upon a claim by a third person, if the third person has obtained a valid judgment on this claim in a separate action against
(a) the indemnitee, both are bound as to the existence and extent of the liability of the indemnitee, if the indemnitee gave to the indemnitor reasonable notice of the action and requested him to defend it or to participate in the defense.
Specifically,
In actions between the indemnitor and the indemnitee, the indemnitee is subject to the burdens, as well as the benefits, of the rules of res judicata with reference to matters determined in an action brought by the obligee or by the injured person. If the judgment is based on a finding of fact which if correct would discharge the indemnitor, the latter is discharged from liability to the indemnitee by such finding, unless by agreement the entire defense is controlled by the indemnitor ... So where a person has been hurt by a telephone wire which was electrified by touching a power wire and the injured person sued the telephone company and judgment was given against the telephone company on the ground that it knew of the danger, the telephone company, which had unsuccessfully invited the power company to defend the action, is *1162 bound by the finding in its subsequent action for indemnity against the power company.
Restatement of Judgments § 107, Comment h (1942).
In Florida,
when determining whether a party is entitled to indemnity, we will not weigh the relative fault of the parties, but rather we will look to the party seeking indemnity to determine whether he is without fault.
Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979). Contra, Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 207 A.2d 732, 738 (1965). Thus, by reference to the Iowa court's finding that Resolute was at least partially at fault for its loss, we hold that Resolute is collaterally estopped to deny its fault in its action for indemnification.
Appellee points to our recent decisions in Fuller v. General Motors Corp., 394 So.2d 491 (Fla. 3d DCA 1981), and Southern Bell Telephone & Telegraph Co. v. Robinson, 389 So.2d 1084 (Fla. 3d DCA 1980), in support of its proposition that it may not be collaterally estopped by the Iowa judgment, because appellant was not a party to the action in which it was rendered. Appellee argues that without identity of parties, or adversity between co-parties in the Iowa action, it may not be precluded from relitigating the dispositive issue of its negligence. We disagree. The federal Supreme Court has recently said, "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210, 217 (1979) (e.s.). However, we need not address the conclusiveness of that statement upon the issue sub judice, where an exception to the general rules requiring identity of parties and adversity of co-parties has been repeatedly recognized both by this court, Allstate Insurance Co. v. A.D.H., Inc., ___ So.2d ___ (Fla. 3d DCA 1981) (Case no. 80-16, opinion filed March 17, 1981), Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 681 (Fla. 3d DCA 1980); MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973); and in a host of other jurisdictions. See cases collected in 1 B.J. Moore, Federal Practice ¶ 0.411 [2], pp. 1299-1305 (2d ed. 1974).
Reversed.
NESBITT, Judge (specially concurring):
In the majority's opinion, they recognize, but do not identify, the common law procedure of "vouching in." In Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA), cert. denied, 194 So.2d 621 (Fla. 1966), Justice Barns, who delivered the opinion of the court, recognized this common law procedural device when he stated:
The right of a person first sued to "vouch in" a person liable to him has been stated as follows: ". .. when a person is responsible over to another, either by operation of law or by express contract . .. and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action and has the same means and advantages of controverting the claim as if he were the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion ... will be conclusive against him, whether he has appeared or not... ."
187 So.2d at 351.
A number of Florida decisions have recognized the procedural device of "vouching in" without labeling it as such. As pointed out in Section 13.1 of Trawick's Florida Practice and Procedure (1980 Edition), the common law procedure of vouching in is the ancient but still viable predecessor of current third-party practice.