414 So.2d 243 (1982)
HULL & COMPANY, INC., Appellant,
v.
James McGETRICK, As Representative of Underwriters at Lloyd's, London, Dominion Insurance Co., Ltd., and Excess Insurance Co., Ltd., Appellees.
No. 82-42.
District Court of Appeal of Florida, Third District.
May 11, 1982.
Rehearing Denied June 17, 1982.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, and Joseph H. Lowe, Miami, for appellant.
Boyd, Jenerette, Leemis & Staas, P.A., and Charles T. Boyd, Jr., Jacksonville, for appellees.
*244 Before SCHWARTZ, NESBITT and JORGENSON, JJ.
SCHWARTZ, Judge.
This is an appeal from a summary judgment holding that Hull & Co., Inc., a third-party defendant below, is required to indemnify the third-party plaintiff, Lloyd's of London (represented by James McGetrick) for a judgment secured against Lloyd's by one of its insureds. We reverse.
The underlying litigation was brought by Edward L. Ball alternatively against Lloyd's on a policy insuring a valuable ring and, if it were determined that there was no coverage, for negligence against Ball's insurance agent, Smith-Lesher Insurance, Inc. The primary issue in the case was whether Lloyd's was charged with knowledge of adverse information concerning the risk, which, if it were not known to Lloyd's, would have voided the policy; if it were known, since Lloyd's did not cancel, the company would remain responsible for the loss. A Smith-Lesher employee, Pittman, testified that he had transmitted the information to Gerald Seligman, an underwriter who was employed by Hull & Co. Seligman completely contradicted Pittman, stating by deposition that he had been told no such thing. Lloyd's defended against Ball's action on the grounds that (a) Seligman and not Pittman was telling the truth, and (b) even if he were not, based on the admitted fact that no one had told Lloyd's itself, Seligman's knowledge was not imputable to Lloyd's. On the latter issue, Lloyd's position was that Hull was merely an independent broker and contractor rather than its agent. After a non-jury trial, the judge rejected both contentions and entered a judgment in Ball's favor against Lloyd's which was affirmed in Underwriters at Lloyd's, London v. Ball, 412 So.2d 498 (1981).[1]
Since, in the light of the issues tried and decided, Lloyd's liability to Ball was based solely upon what Hull & Co. was found to have been told but did not forward to Lloyd's,[2] the determinations inherent in the judgment give rise to a clear right of indemnity by Lloyd's against Hull. 12 Fla. Jur.2d Contribution, Indemnity, and Subrogation § 13 (1979). Nevertheless, the summary judgment, which was obviously founded upon this theory, cannot stand. This is because the purported indemnitor, Hull, is not under the circumstances bound as a matter of law by the conclusions inherent in Ball's judgment against Lloyd's. It is well settled that a judgment rendered against an indemnitee like Lloyd's is conclusive for res judicata or estoppel by judgment purposes against a potential indemnitor like Hull  but only upon the condition that the indemnitor has been given timely notice and an opportunity to appear and defend the action. MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973); Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA 1966), cert. denied, 194 So.2d 621 (Fla. 1966); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964); see Hoskins v. Midland Ins. Co., 395 So.2d 1159 (Fla. 3d DCA 1981); Sol Walker & Co. v. Seaboard Coast Line R. Co., 362 So.2d 45, 52 (Fla. 2d DCA 1978) (quoting from Restatement of Judgments § 106 (1942) that judgment binding on co-defendant in indemnity action "if and only if the other had an opportunity to defend or to participate in the defense." [e.s.]) The condition was not satisfied in this case. Although leave to file it was secured before, the third-party complaint for indemnity was not served upon Hull until after the trial and the entry of judgment against Lloyd's; thus its pendency plainly gave the alleged indemnitor no effective notice of Ball's lawsuit. See Wright v. Fidelity & Casualty Co. of New York, 139 So.2d 913 (Fla. 1st DCA 1962); Annot.  Sufficiency and timeliness of notice by indemnitee to indemnitor of action by third person, 73 A.L.R.2d 504, 536-37 *245 (1960). Moreover, there is nothing in the record which indicates that Lloyd's "vouched in" Hull, or informed it and sought defense of the action in any legally meaningful extrajudicial way. See Hoskins v. Midland Ins. Co., supra, at 395 So.2d 1159 (Nesbitt, J., specially concurring); Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., supra. In this regard, we cannot accept the suggestion that notice and opportunity may be imputed to Hull, merely because one of its employees, Seligman, appeared as a witness in the case.[3] Annot., supra, 73 A.L.R.2d at 509-511.
When, as is thus true here, there is no notice the indemnitee must, ab initio and irrespective of the prior action, establish  and the indemnitor is of course free to contest  the facts which support the right to indemnification. MacArthur v. Gaines, supra, at 286 So.2d 610; Wright v. Fidelity & Casualty Co. of New York, supra; 46 Am.Jur.2d Judgments § 553 (1969); 42 C.J.S. Indemnity § 32(2) (1944). In fact, as was said in Orth v. Consumers' Gas Co., 280 Pa. 118, 124 A. 296, 297 (1924):
If notice ... is not given, then, in a subsequent proceeding to obtain indemnity, the plaintiff must establish his claims for damages without reference to the amount of the judgment in the prior action against him (31 C.J. 453, 463, §§ 53, 62); in other words, under such circumstances the plaintiff in the second suit is not barred from recovery, but there is placed on him the burden of justifying his payment of damages to the person who sued him, by offering against the defendant in the second suit practically the same evidence as was relied on to establish the case against him, the plaintiff, when he was defending the first suit. [e.s.]
Thus, Lloyd's is placed in the ironic position of attempting to establish against Hull just the opposite of what it unsuccessfully claimed in defense of Ball's case against it: that Pittman did tell Seligman, or that Hull's knowledge through Seligman was insufficient to bind Lloyd's. Since there are obvious conflicts on these issues, the summary judgment must, for the reasons stated, be reversed for trial. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed.
NOTES
[1] Consistent with this finding, the court also entered judgment in favor of Smith-Lesher.
[2] Thus affording Lloyd's the opportunity to cancel the coverage or reject a renewal application.
[3] Even though he did so as to the issues which are determinative as to both Ball's case against Lloyd's and, now, Lloyd's against Hull.