505 So.2d 678 (1987)
Bernard J. BAGLEY, Appellant,
v.
The WESTERN CASUALTY & SURETY COMPANY, Appellee.
No. BN-294.
District Court of Appeal of Florida, First District.
April 21, 1987.
Rehearing Denied May 11, 1987.
*679 Lisa K. deBrauwere and Clifford W. Sanborn, of Barron, Redding, Hughes, Fite, Bassett & Fenson, Panama City, for appellant.
W. Douglas Hall, of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, Tallahassee, for appellee.
ZEHMER, Judge.
We review a summary judgment for appellee, The Western Casualty and Surety Company, in its action against appellant, Bernard J. Bagley, on an indemnity agreement executed by Bagley in Western's favor. Finding reversible error, we remand for trial.
Bagley-Walcott & Associates, a corporation, was engaged in the construction business. On August 4, 1980, Bagley-Walcott, as subcontractor, entered into an agreement with Caroma Construction, the prime contractor, to perform rehabilitation work on apartments located in Jackson, Mississippi. Bagley-Walcott obtained performance and payment bonds from Western which guaranteed the faithful performance of the subcontract by Bagley-Walcott. At the same time, Bagley-Walcott & Associates, appellant Bagley, Dewitt Walcott, III, and Marion B. Walcott executed an agreement in which they agreed to indemnify Western for any liability incurred on the performance bonds issued by Western for Bagley-Walcott.
The owner of the Mississippi apartment complex claimed that the materials installed by Bagley-Walcott were defective, and demanded that Caroma replace the defective materials. Caroma in turn demanded Bagley-Walcott and Western, as surety, to correct the defective work. Bagley-Walcott refused, stating it had performed properly under the contract. Caroma filed a demand for arbitration against Bagley-Walcott, and Western, at Bagley-Walcott's request, undertook to represent them at the arbitration proceedings. Meanwhile, on October 26, 1983, Bagley-Walcott and Dewitt and Marion Walcott filed for chapter 7 bankruptcy. Caroma's claim against Bagley-Walcott was settled in March 1985, and Western, pursuant to its performance bond, agreed to pay Caroma $24,000. Western also incurred $24,784.62 in attorney's fees during these proceedings.
Western subsequently sued Bagley on the indemnity agreement seeking judgment in the amount of $50,211.32. Bagley's answer admitted that he executed the agreement in 1980, but denied liability and asserted several affirmative defenses, including release by Western from any obligation under the indemnity agreement.
Western moved for summary judgment on two grounds: (1) that Western did not release Bagley from his obligation under the indemnity agreement; and (2) that Bagley was given notice and opportunity to defend the suit underlying the claim for indemnification and could not now challenge the reasonableness of the settlement amount. Western relied in part on an agreement dated October 5, 1982, purportedly executed by appellant. Bagley opposed *680 the motion, filing his affidavit stating that (1) he did not personally have notice and an opportunity to defend the claims brought against Western by Caroma, and that (2) he did not sign the October 1982 agreement and his signature thereon was obtained through forgery or fraud.
The court granted summary judgment against Bagley on the ground that the notice given by Western to the corporation, Bagley-Walcott, also constituted notice to Bagley because he was at the time secretary of the corporation. Denying Bagley's motion for rehearing, the trial court further explained that the notice Western gave Bagley-Walcott in April 1982 was imputed to Bagley as a matter of law since Bagley was an officer in the corporation. Bagley appealed this ruling in case no. BL-140; however, the case was dismissed on the ground that the time for filing an appeal from the November 7, 1985 order had expired. The procedural irregularities resulting in this dismissal were corrected by the trial court's order dated April 28, 1986, on Bagley's motion for relief pursuant to rule 1.540(b), Florida Rules of Civil Procedure. That order vacated the order and judgment entered on November 7, 1985, and effectively permitted a new judgment to be entered from which a timely appeal could be taken.
We hold that the trial court erred in granting summary judgment. The stated ground for the ruling, i.e., that notice sent to the corporation was legally imputed to Bagley, is based on misconception of the law. It is well established that in actions against the corporation notice or knowledge received by employees of a corporation may be imputed to another individual corporate employee when the corporation is being held legally accountable for the knowledge and conduct of its employees. E.g., St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, 44 So.2d 670 (Fla. 1950); Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983). These cases, however, do not support the proposition that, in an action against a corporate employee in his individual capacity, notice to the corporation and other employees is, as a matter of law, necessarily imputed to that individual employee as an officer or person associated with the corporation.
Bagley's affidavit states that he was unaware of the claims against Western and the action which resulted in the alleged settlement. This assertion of fact was sufficient to raise a disputed issue of material fact regarding actual notice to Bagley. An indemnitor, to become bound by a settlement agreement in a suit against the indemnitee, must have (1) notice of the claim, and (2) an opportunity to appear and defend the claim. Further, the settlement must not be the result of fraud or collusion. Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964). See also Hull & Company, Inc. v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982) (indemnitor not bound by judgment against indemnitee since it did not have notice of claim brought against indemnitee even though employee of indemnitor was witness at trial). In Hull the court stated, "It is well settled that a judgment rendered against an indemnitee ... is conclusive for res judicata or estoppel by judgment purposes against a potential indemnitor ... but only upon the condition that the indemnitor has been given timely notice and an opportunity to appear and defend the action." Id. at 244. Although it is undisputed that notice of the claim was given to the corporate entity, Bagley-Walcott, nevertheless such notice is not imputed to Bagley in his individual capacity as a matter of law, and a dispute of material fact exists regarding whether Bagley had sufficient notice of the claim and an opportunity to defend under the cited legal test. Since disputed facts remain open for resolution at trial, summary judgment was improper. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Appellee relies on Post Houses, Inc. v. Fireman's Fund Insurance Co., 469 So.2d 863 (Fla. 1st DCA), rev. denied, 478 So.2d 54 (Fla. 1985), in which the court held that where an indemnitor has notice of a suit against his indemnitee and is afforded an opportunity to appear and defend, a judgment against the indemnitee is conclusive against the indemnitor. That case is distinguishable because, unlike the instant case, there it was undisputed that the indemnitor *681 received notice of the claim against the indemnitee and had the opportunity to appear and defend the claim.
Moreover, it appears on this record that disputed issues of material fact also remain in respect to execution of the October 1982 agreement and appellant's affirmative defenses. For example, Western did not dispel as a matter of law the dispute raised by Bagley concerning the forgery of his signature.
We find no merit in appellee's cross-appeal and affirm the trial court's order vacating its November 7, 1985 order denying rehearing. The record supports a finding that the November 7 order was based on a misrepresentation by Western's counsel; and although the misrepresentation may well have been inadvertent, the November 7 order was no less subject to being set aside under rule 1.540, Florida Rules of Civil Procedure on grounds of mistake, fraud, or misrepresentation. We find no abuse of discretion in the trial court's action. Indeed, justice would have been thwarted, not served, had the trial court not set aside that order.
The summary judgment against appellant Bagley is reversed and the cause is remanded for trial.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.