849 So.2d 424 (2003)
HEAPY ENGINEERING, LLP, Appellant,
v.
PURE LODGING, LTD., a Florida limited partnership, Appellee.
No. 1D02-2829.
District Court of Appeal of Florida, First District.
July 11, 2003.
Stephen H. Durant, Esquire, and Charles R. Walker, Jr., Esquire, Jacksonville, for Appellant.
E. Lanny Russell, Esquire, and Michael R. Freed, Esquire, of Smith Hulsey & Busey, Jacksonville, for Appellee.
PER CURIAM.
Appellant, Heapy Engineering, LLP, seeks review of a summary final judgment entered against it and in favor of appellee, Pure Lodging, Ltd., on a claim for common law indemnity. Appellant also seeks review *425 of the trial court's denial of its motion to strike two affidavits filed in support of appellee's summary judgment motion. We affirm the trial court's denial of appellant's motion to strike and denial of appellant's motion for summary judgment without further comment. However, we reverse the summary final judgment entered in favor of appellee because of disputed issues of fact.
In order to prevail on a common law indemnity claim, the following two-pronged test must be satisfied: (1) the party seeking indemnity (the indemnitee) must be without fault and its liability must be solely vicarious for the wrongdoing of another, and (2) the party against whom indemnity is sought (the indemnitor) must be wholly at fault. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla.1999); Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 493 (Fla.1979). Once a legal obligation has been established in the underlying action on the part of the indemnitee, the indemnitor will become bound by a settlement agreement in a suit against the indemnitee if the indemnitor was given notice of the claim and was afforded an opportunity to appear and defend the claim, as long as the settlement was not the result of fraud or collusion. Bagley v. W. Cas. & Sur. Co., 505 So.2d 678, 680 (Fla. 1st DCA 1987).
Appellee engaged Braun & Steidl Architects, Inc. to design two motels. Braun & Steidl in turn hired appellant to design the air ventilation system (HVAC) in the motels. Shortly after the motels opened, mold and mildew were discovered in the bathrooms, corridors, and stairwells. Appellee filed an arbitration claim against Braun & Steidl, alleging that Braun & Steidl was liable for the damage. As part of the settlement agreement, Braun & Steidl assigned its rights in contribution and/or indemnity against appellant to appellee.
Because our review of the record establishes that genuine issues of material fact exist as to whether appellant is wholly at fault for the damage, and whether appellant was given notice and an opportunity to participate in settlement negotiations, we are constrained to reverse, and remand for further proceedings. See Jones v. Dirs. Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991)(ruling that on a motion for summary judgment "if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied").
AFFIRMED IN PART; REVERSED IN PART and REMANDED, with directions.
WEBSTER, PADOVANO and POLSTON, JJ. concur.