893 So.2d 702 (2005)
DILLARD & ASSOCIATES CONSULTING ENGINEERS and John A. Dillard, Jr., Appellants,
v.
FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee.
No. 1D03-3279.
District Court of Appeal of Florida, First District.
February 22, 2005.
Segundo J. Fernandez, and Timothy P. Atkinson, of Oertel, Fernandez, Cole & Bryant, P. A., Tallahassee, for Appellants.
Kelli M. Dowell, Senior Assistant General Counsel, Department of Environmental Protection, Tallahassee, for Appellee.
PER CURIAM.
Appellants Dillard & Associates Consulting Engineers and John A. Dillard, Jr., argue that the Department of Environmental Protection ("DEP") erred by dismissing their petition for formal administrative hearing with prejudice for lack of *703 standing. Because Dillard & Associates may challenge its potential obligation to reimburse the Florida Department of Transportation ("DOT") for all or part of the fines paid to DEP in circuit court, we agree with DEP that Dillard & Associates lacks standing.[1] Therefore, we affirm.

I. Background
In 2001, DOT and Zahn & Dillard Consulting Engineers, the predecessor in interest to Dillard & Associates Consulting Engineers, entered into an agreement to operate and manage five DOT wastewater treatment facilities in Santa Rosa, Jackson, Gadsden, and Okaloosa Counties. Dillard is required under this agreement to provide engineering services, management, operation, and maintenance for all five facilities. The management duties include all labor as well as all permitting, contacts, reporting, site inspections and consulting to or with DEP. The agreement also requires Dillard & Associates to pay regulatory fines and sanctions DOT incurred as a result of Dillard & Associates' operation and management of the waste water treatment facilities.
DEP found various violations of environmental statutes and its rules relating to Dillard & Associates' operation of the wastewater treatment facilities. To resolve these violations, DEP and DOT entered into a consent order in which DOT agreed to pay $45,000 for penalties and $500 for costs.[2] The consent order states that (i) the wastewater treatment facilities operated at times without proper permits in violation of section 403.87, Florida Statutes, and sections 62-601.300(1) & (2), 62-4.030, 62-620.335, and 62-620.300(1) & (2), Florida Administrative Code, (ii) discharge monitoring reports for the wastewater treatment facilities had not been received for various months, in violation of section 403.161(1)(b), Florida Statutes, and sections 62-601.300(1)(b) and 62-4.030, Florida Administrative Code, and (iii) specified discharge monitoring reports for the wastewater treatment facilities did not contain the proper information in violation of rule 62-601.300(1)(b), Florida Administrative Code.
Appellants filed a petition for a formal administrative hearing challenging "whether a penalty should be imposed upon FDOT for violations of Florida statutes and rules, and if so, whether the amount of the penalty imposed in Consent Order (OGC File NO. 02-1082-57-DW) on the FDOT due to the alleged violations by its operational contractor [Dillard & Associates] for FDOT's WWTF's [wastewater treatment facilities] in Gadsden, Jackson, Santa Rosa and Okaloosa Counties should be mitigated or reduced." DEP issued an order dismissing the petition with prejudice for lack of standing to bring this challenge.

II. Standing
Section 120.569(1), Florida Statutes (2003), states "[t]he provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency." Section 120.52(12)(b), Florida Statutes (2003), defines "party" as "[a]ny other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party." (Emphasis added); see also Sickon v. Sch. Bd. of Alachua County, Fla., 719 So.2d 360, 363 n. 3 (Fla. 1st DCA 1998) (holding that "the *704 `zone of interest' test... requires analysis of regulatory statutes or other pertinent substantive law in order to ascertain a party's substantial interests"); Agrico Chem. Co. v. Dep't of Envtl. Regulation, 406 So.2d 478, 482 (Fla. 2d DCA 1981) (holding that a substantial interest entails injury in fact that is both of sufficient immediacy and of a type "which the proceeding is designed to protect").
Dillard & Associates argues that it has standing because its agreement with DOT will require it to pay the $500 in costs and $45,000 of penalties assessed by DEP, without an opportunity to dispute their propriety and amount, if it is not allowed an administrative hearing. We disagree.[3] Dillard & Associates will not be bound by DEP's consent order with DOT because Dillard & Associates was denied an opportunity to appear and defend DEP's claim that DOT settled. See Bagley v. W. Cas. & Sur. Co., 505 So.2d 678, 680 (Fla. 1st DCA 1987) (ruling that an indemnitor is bound by a settlement agreement in a suit against the indemnitee if there has been notice of the claim and an opportunity to appear and defend the claim, and as long as the settlement was not the result of fraud or collusion); Heapy Eng'g, LLP v. Pure Lodging, Ltd., 849 So.2d 424, 425 (Fla. 1st DCA 2003) (same).[4]
Therefore, as DEP contends, Dillard & Associates may contest its potential liability on any basis DOT may assert it is liable, in circuit court rather than in an administrative hearing. See Hull & Co. v. McGetrick, 414 So.2d 243, 245 (Fla. 3d DCA 1982) (ruling that the indemnitor in a second action is free to contest the facts supporting the right to indemnification; "the plaintiff must establish his claims for damages without reference to the amount of the judgment in the prior action against him" and has "the burden of justifying his payment of damages to the person who sued him," quoting from Orth v. Consumers' Gas Co., 280 Pa. 118, 124 A. 296, 297 (1924)).[5] Because Dillard & Associates *705 may challenge the propriety and amount of fines paid to DEP in circuit court, we agree with DEP that Dillard & Associates lacks standing.
AFFIRMED.
BENTON, BROWNING and POLSTON, JJ., CONCUR.
NOTES
[1] We affirm DEP's ruling regarding John A. Dillard, Jr.'s claims without further comment.
[2] It is undisputed that DOT paid the amount owed DEP pursuant to the consent order.
[3] DOT has made no claim against Dillard & Associates in this proceeding. But Dillard & Associates alleges that it is "exposed" to possible claims for reimbursement by DOT (or to termination of the alleged contract with DOT) under contractual provisions, in particular:

4-1.2 The Consultant [DACE] shall not allow unlicensed personnel to perform the duties of certified operators....
(1) Violation of this provision will be sufficient grounds for termination of this agreement.
(2) The Consultant shall be liable for the cost of all regulatory fines and sanctions incurred by the Department [of Transportation] as a result of violations of this provision.
....
4-1.3 The Consultant shall not commit any Prohibited Act as defined in F.A.C. Regulatory Rule or Regulations.
(1) Violation of this provision shall be sufficient grounds for termination of this agreement.
(2) The Consultant shall be liable for the cost of regulatory fines and sanctions incurred by the Department [of Transportation] as a result of violation of this provision.
If DOT makes a claim under these provisions, a judge will have to decide, inter alia, whether Dillard & Associates allowed unlicensed personnel to perform the duties of certified operators or committed any other "Prohibited Act as defined in F.A.C. Regulatory Rule or Regulations."
[4] Because of our ruling, we do not reach Dillard & Associate's argument that it has a direct economic interest, sufficient for standing, arising from its contractual obligation. The contractual obligation has not yet been established.
[5] Dillard & Associates is not required to exhaust administrative remedies because DEP refuses to afford it a hearing. See Agency for Health Care Admin. v. MIED, Inc., 869 So.2d 13, 18 (Fla. 1st DCA 2004) (listing the tests a party must satisfy to avoid the requirement of exhaustion of administrative remedies, including "that the agency ignores or refuses to recognize related or substantial interests and refuses to afford a hearing or otherwise refuses to recognize that the complainants' grievance is cognizable administratively").