WOLF, J.,
concurring.
The Administrative Law Judge (ALJ) was mistaken in stating that the challenge to the original tax assessment was not raised by the original petition. This issue, however, is irrelevant as to appellant’s right to intervene in light of this court’s ruling in Dillard & Associates Consulting Engineers v. Florida Department of Environmental Protection, 893 So.2d 702 (Fla. 1st DCA 2005).
Appellant will have an opportunity to raise the issue of its responsibility for the tax under the indemnity agreement in circuit court. If the Department of Revenue decided to directly assess appellant for the tax pursuant to chapter 212, Florida Statutes, appellant will be a party to that proceeding. Thus, our decision in Dillard is controlling, and we must affirm. If Dillard were ■ not binding precedent, I would reverse the decision of the ALJ and hold that appellant’s substantial interests are affected by this proceeding.