MARSTILLER, J.
 

 These are consolidated appeals from final orders of the Northwest Florida Water Management District (“District”) determining that Appellants cannot administratively challenge the District’s 2008 Region III Regional Water Supply Plan (“Plan”) pursuant to section 373.709(5), Florida Statutes. We reverse the orders insofar as they determine, as a general proposition, that the Plan is not subject to challenge under chapter 120, Florida Statutes. The District’s ruling directly contravenes the plain language of section 373.709(5) permitting such a challenge if the plan, in part or in whole, affects a party’s substantial interests. However, concluding that the Plan has no legal effect on Appellants’ ability to challenge a consumptive water use permit granted to Bay County, we affirm the District’s determination that Appellants lack standing to challenge the Plan.
 

 Statutory Framework
 

 Section 373.709, Florida Statutes,
 
 [1]
 
 calls for the state’s water management districts to develop regional water supply plans for areas in which it is determined that “existing sources of water are not adequate to supply water for all existing and future reasonable-beneficial uses.” § 373.709(1), Fla. Stat. (2010). Water management districts also use the plans to “sustain the water resources and related natural systems [in the region] for the planning period.”
 
 Id.
 
 Among other things, a regional water supply plan must include a “water supply development component” that includes, in turn:
 

 A list of water supply development project options, including traditional and alternative water supply project options, from which local government, government-owned and privately owned utilities, regional water supply authorities, multijurisdictional water supply entities, self-suppliers, and others may choose for water supply development. In addition to projects listed by the district, such users may propose specific projects for inclusion in the list of alternative water supply projects.
 

 § 373.709(2)(a)2., Fla. Stat. (2010). Approval of a plan by a water management district governing board is “not [ ] subject to the rulemaking requirements of chapter 120. However, any portion of an approved regional water supply plan which affects the substantial interests of a party shall be subject to s. 120.569.” § 373.709(5), Fla. Stat. (2010).
 

 Should an entity choose to undertake an identified water supply development project, it must eventually apply for a water use permit pursuant to section 373.223, Florida Statutes. The permit applicant must establish that its proposed water use “(a) [i]s a reasonable-beneficial use as defined in s. 373.019; (b) [w]ill not interfere with any presently existing legal use of water; and (c) [i]s consistent with the public interest.” § 373.223(1), Fla. Stat. (2010). If the proposed water use will cross county boundaries, the district’s governing board must consider seven additional criteria.
 
 See
 
 § 373.223(3)(a)-(g), Fla. Stat. (2010). A regional water supply plan “may not be
 
 *1129
 
 used in the review of permits ... unless the plan or an applicable portion thereof has been adopted by rule.” § 873.709(7), Fla. Stat. (2010). However, the permitting statute provides:
 

 In evaluating an application for consumptive use of water which proposes the use of an alternative water supply project as described in the regional water supply plan ... the governing board or department shall presume that the alternative water supply use is consistent with the public interest.... This subsection does not effect [sic] evaluation of the use pursuant to the provisions of paragraphs (l)(a) and (b), subsections (2) and (3), and ss. 373.2295 and 373.233.
 

 § 373.223(5), Fla. Stat. (2010). A substantially affected third party can challenge the intended grant of a permit pursuant to sections 120.569 and 120.57, Florida Statutes.
 

 Factual and Procedural Background
 

 The District’s governing board adopted the Plan at a regularly scheduled open meeting on August 28, 2008, after conducting a publicly noticed workshop and soliciting input from interested parties through the District’s website and other modes. The Plan contains three water supply development project options, the first of which is at issue in this case: (1) inland ground water source development and water supply source protection; (2) utility interconnections and infrastructure enhancements; and (3) water reuse facilities. The stated objective of the inland ground water project is to “[d]evelop inland alternative water supply source to meet future demands and abate risks of salt water intrusion and extreme drought.”
 

 In 2010, the District gave notice of its intent to approve Bay County’s application for a consumptive use permit proposing to use its well field near the Bay County/Washington County line to extract inland ground water as an alternative water supply. Appellants requested and received a formal administrative hearing in which to present evidence challenging the District’s decision. While the permit challenge was ongoing, Appellants also petitioned the District for a formal administrative hearing seeking to challenge the portion of the Plan designating the inland ground water project as an alternative water supply source. In its petition, Appellant, Washington County, alleged that the presumption provided for in section 373.223(5) and “priority funding attention” constitute “preferential treatments” that would “promote, enable, facilitate and secure the permitting and development of’ Bay County’s proposed well field project, and that withdrawal of groundwater through the well field would affect Washington County’s substantial interests. Appellant, The Northern Trust Company, as the sole trustee of the James L. Knight Charitable Term Trust (“Trust”), stated in its .petition that the Trust manages land straddling the Bay County/Washington County border, and that Bay- County’s well field is adjacent to the Trust-managed land. The Trust asserted that its interests are substantially affected by the Plan because the public interest presumption afforded Bay County’s consumptive use permit application would enable withdrawal of groundwater that will detrimentally impact the Trust-managed land.
 

 The District ultimately dismissed the petitions-with prejudice concluding, “the District is without jurisdiction, as a matter of law, to address the validity of a regional water supply plan through an administrative hearing under Chapter 120, Florida Statutes, and [Petitioners are] without standing.” As to lack of jurisdiction, the District reasoned that the Plan is neither a rule nor an order, and thus not subject to
 
 *1130
 
 administrative challenge. On the matter of standing, the District observed that Appellants are “party to an ongoing Chapter 120 proceeding in which [they seek] to invalidate the consumptive use permit for the same proposed activity [they complain] of’ in their petitions challenging the Plan.
 

 While the standing allegations are sufficient in the pending DOAH proceeding, they are insufficient in this case. [N]o injury at all derives from the approval of the Regional Water Supply Plan. The planning document does not permit or authorize anything. It gives options for local governments and utilities to consider and act upon or not. In this case, Bay County chose to seek a consumptive use permit for a water supply project. [Appellants] had the right to challenge Bay County’s proposed water supply project and [they] did so....
 

 For this reason, the District concluded, Appellants cannot demonstrate injury in fact of sufficient immediacy to establish the first prong of the two-pronged test for standing articulated in
 
 Agrico Chemical Company v. Department of Environmental Regulation,
 
 406 So.2d 478 (Fla. 2d DCA 1981). The District ruled further that Appellants cannot satisfy the second
 
 Agrico
 
 prong because “[t]he type of injury alleged is not the type of injury the statewide [sic] water and regional water supply planning processes are designed to address.” Rather, the asserted injury is properly addressed in a permit challenge proceeding.
 

 Analysis
 
 [2]
 

 We conclude first that the District incorrectly determined it lacked jurisdiction over Appellants’ petitions because the Plan is not subject to administrative challenge. The plain language of section 873.709(5), Florida Statutes (2010), states, “any portion of an approved regional water supply plan which affects the substantial interests of a party shall be subject to s. 120.569.” Even if, as the District posits, the Plan is neither a rule nor an order, the Legislature nonetheless has determined that a regional water supply plan, duly adopted by a water management district governing board, constitutes agency action subject to administrative challenge.
 
 See
 
 § 120.52(2), Fla. Stat. (2011) (“Agency action” means the whole or part of a rule or order,
 
 or the equivalent,
 
 or the denial of a petition to adopt a rule or issue an order.”) (emphasis added). The District has no authority to conclude otherwise,
 
 [3]
 
 and thus we reverse its decision on jurisdiction.
 

 However, the District properly dismissed Appellants’ petitions for lack of standing. Again, section 373.709(5) provides an avenue for administrative challenge if any part of a regional water supply plan affects a party’s substantial interests. Section 120.569 applies “in all proceedings in which the substantial interests of a party are determined by an agency....” A party asserting entitlement to an administrative hearing pursu
 
 *1131
 
 ant to section 120.569 must demonstrate that (1) it “will suffer injury in fact which is of sufficient immediacy to entitle [itj to a section [120.569] hearing,” and that (2) its “substantial injury is of a type or nature which the proceeding is designed to protect.”
 
 Agrico,
 
 406 So.2d at 482.
 
 See Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot.,
 
 948 So.2d 794, 797 (Fla. 1st DCA 2006);
 
 Menorah Manor, Inc. v. Agency for Health Care Admin.,
 
 908 So.2d 1100, 1104 (Fla. 1st DCA 2005).
 

 Appellants claimed standing to challenge the Plan because it created a presumption that Bay County’s consumptive use permit application, proposing withdrawal of ground water from a well field located near the Bay County/Washington County line, is consistent with the public interest. They asserted that any withdrawal of ground water by Bay County from that well field would injure them in a variety of ways. But the Plan itself does not name, refer to, or approve Bay County’s well field project as an alternative water supply development project. Rather, the Plan refers generally to a project for “inland ground water source development and water supply source protection.” This project and others contained in the Plan are simply options certain entities may choose to undertake by proposing and developing a specific project to fulfill the Plan’s objectives.
 
 See
 
 § 37S.709(2)(a)2., Fla. Stat. (2010). Moreover, the presumption afforded Bay County at the permit application stage does not impede or otherwise have a detrimental legal effect on Appellants’ ability to challenge the District’s grant of the permit in separate administrative proceedings. For these reasons, we conclude Appellants have failed to demonstrate that the Plan affects their substantial interests.
 

 We decided similarly in
 
 Dillard &
 
 Associates
 
 Consulting Engineers v. Florida Department of Environmental Protection,
 
 893 So.2d 702 (Fla. 1st DCA 2005). There the appellant, a Department of Transportation (“DOT”) contractor operating and managing certain DOT wastewater treatment facilities, asserted standing to administratively challenge a consent order entered into between DOT and the Department of Environmental Protection (“DEP”). The consent order came about after DEP found DOT’S contractor-operated wastewater facilities in violation of certain statutes and regulations, and imposed monetary penalties against DOT. Seeking an administrative hearing to challenge the violations and penalty, the contractor claimed that under its contract with DOT, it would be ultimately responsible for paying the fine.
 
 Id.
 
 at 703-04. We upheld DEP’s dismissal of the contractor’s petition for lack of standing because the consent order did not determine the contractor was liable to DOT for payment of the fines. Rather, the contractor’s liability, if any, would be determined in an indemnity proceeding brought by DOT.
 
 Id.
 
 at 704. We concluded, “Because Dillard & Associates may challenge the propriety and amount of fines paid to DEP in circuit court, we agree with DEP that Dillard
 
 &
 
 Associates lacks standing.”
 
 Id.
 
 at 704-05.
 

 As in
 
 Dillard,
 
 the challenged agency decision here — adoption of that portion of the Plan providing for inland ground water source development — does not immediately affect, in and of itself, the interests Appellants asserted in their hearing petitions. The Plan lacks any language directly referencing or approving the Bay County well field project. It is the District’s decision to grant Bay County’s water use permit that affects Appellants’ substantial interests, and the Plan has no legal effect on Appellants’ ability to challenge the permit. Because the Plan does not operate as to injure Appellants’ asserted interests, and because Appellants can dispute Bay
 
 *1132
 
 County’s permit in a separate administrative proceeding — indeed, they have done so — we conclude they have failed to satisfy the
 
 Agrico
 
 test for standing. Accordingly, we affirm the District’s decision to dismiss Appellants’ petitions for lack of standing. It is clear that the Legislature has envisioned circumstances in which a regional water supply plan can affect a party’s substantial interests, giving standing to initiate an administrative challenge. However, in this case, Appellants have failed to make such a showing.
 

 AFFIRMED in part; REVERSED in part.
 

 WOLF and PADOVANO, JJ„ concur.
 

 [1]
 

 . Formerly section 373.0361. See Ch. 10-205, §§ 1, 28, Laws of Fla.
 

 [2]
 

 . We review the District’s rulings on jurisdiction and standing
 
 de novo. See Dep't of Revenue ex rel. Smith v. Selles,
 
 47 So.3d 916, 918 (Fla. 1st DCA 2010) ("Whether a lower tribunal had subject matter jurisdiction is a question of law which we review
 
 de novo."); Mid-Chattahoochee River Users v. Fla. Dep’t of Envtl. Prot,
 
 948 So.2d 794, 796 (Fla. 1st DCA 2006) ("Whether a party has standing to bring an action is a question of law that is to be reviewed de novo.”).
 

 [3]
 

 . We note from the record that the District provided no point of entry for a party to initiate an administrative challenge to the Plan. Inasmuch as section 373.709(5) permits such challenge, we direct the District's attention to
 
 Capeletti Brothers v. Florida Department of Transportation,
 
 362 So.2d 346, 348 (Fla. 1st DCA 1978), articulating the "clear point of entry” rule.