CLARK, J.
In this appeal we must determine whether the Secretary of the Florida Land and Water Adjudicatory Commission reversibly erred when the Secretary unilaterally declined Appellant’s Request for Review. First, the Secretary erred in making the determination without the full Commission. And second, we find this error not to be harmless. We therefore reverse.

Facts

Putnam County Environmental Council (Appellant) asked the Florida Land and Water Adjudicatory Commission (the Commission) to review the Fourth Addendum to St. Johns River Water Management District’s 2005 Water Supply Plan (the Plan). Appellant requested the Commission to “determine that [the Plan], Fourth Addendum ... improperly identifies surface water withdrawals from the St. Johns River and the Ocklawaha River as ‘alternative water supplies’ under Section 373.109(1), Florida Statutes, and to order that such designations be stricken and/or specifically limited to capture during wet weather flows.” The Commission Secretary, acting alone, declined review because the Secretary determined the Commission was without jurisdiction pursuant to section 373.114, Florida Statutes.

The Secretary’s Procedural Error

Section 373.114(1), Florida Statutes, requires the Commission (comprised of the Governor and Cabinet) to determine whether a request for review meets statu *768 tory jurisdictional grounds. § 373.114(1), (l)(a), Fla. Stat. Instead, the Secretary acted alone. As Appellee concedes, this constituted error.
But this procedural error does not mandate reversal unless the “fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.” § 120.68(7)(c), Fla. Stat. This acts as a harmless error rule. Carter v. Dep’t of Prof'l Regulation, Bd. of Optometry, 633 So.2d 3, 5-6 (Fla.1994). The procedure afforded to Appellant was not unfair; thus, the question is whether the Secretary’s error may have impaired the correctness of the action.

The Commission’s Jurisdiction

The Commission has jurisdiction to review “any order or rule of a water management district” if it finds: (i) “the activity authorized by the order would substantially affect natural resources of statewide or regional significance,” or (ii) if “the order raises issues of policy, statutory interpretation, or rule interpretation that have regional or statewide significance from the standpoint of agency precedent.” § 373.114(l)(a), Fla. Stat.

Activity Authorized

As this Court has explained, a water supply plan — like the one at issue here— does not approve anything, it simply lists options from which an entity can then choose. § 373.709(7), Fla. Stat. (“Nothing contained in the ... water supply plan shall be construed to require [entities] to select a water supply development project identified in the component merely because it is identified in the plan.”); Wash. Cnty. v. Nw. Fla. Water Mgmt. Dist., 85 So.3d 1127, 1128-29 (Fla. 1st DCA 2012). The entity is then required to undertake the process of obtaining a permit. Id. Given this scheme, this Court held a plan does not affect a party’s substantial interests. Id. at 1130-31. Instead, it is the permitting that affects a party’s interests. Id.
Similarly here, Appellant needed to show an “activity authorized by the order would substantially affect natural resources.” § 373.114(1)(a), Fla. Stat. (emphasis added). And similar to the situation in Washington County, where the order (i.e., the plan) did not affect substantial interests, Appellant here fails to show the plan — a document with no effect until permitting — authorized any activity. Thus, the Secretary correctly concluded the Commission lacked jurisdiction under the first ground.

Raises Issues of Policy

On the second ground, the Commission may direct a district to initiate rulemaking if the “order raises issues of policy ... that have regional or statewide significance.” § 373.114(l)(c), Fla. Stat. Where the Commission finds this, it “may direct the district to initiate rulemaking to amend its rules to assure that future actions are consistent with the provisions and purposes of this chapter without modifying the order.” § 373.114(1)(c), Fla. Stat. But a water management district is not required to undergo formal, chapter 120 rulemaking to approve a plan. See § 373.709(5), Fla. Stat. Here, the Secretary did not address whether the order raised issues of significance. Instead, the Secretary declined jurisdiction because even if significant issues were raised, the Secretary claimed the Commission could not afford Appellant the remedy it sought: “the relief permitted under section 373.114(l)(c) is completely foreign to the statutory construct.” The Secretary and Appellee argue that because rulemaking was optional under the more recent and specific provision (373.709(5)), the general provision (373.114(l)(c)) must give way. In short, the Commission could not direct *769 the district to initiate rulemaking regarding a plan, because the more specific section, 373.709(5), excluded plans from “orders” and held plans to a “no rulemaking” requirement. We disagree.
Statutes will not be interpreted to create an absurd result. Davila v. State, 75 So.3d 192, 198 (Fla.2011). The language must be given “its plan and ordinary meaning.” Green v. State, 604 So.2d 471, 473 (Fla.1992). And “every word, phrase, sentence, and part of the statute, if possible,” is meant to have effect; “the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render a part of a statute meaningless.” Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198-99 (Fla.2007).
Here, the two provisions can be interpreted plainly to give them both their full effect. While districts are not required to undergo formal rulemaking in the approval of a water supply plan, section 373.709(5) does not exempt rulemaking in all aspects of water supply plans — simply approval. See § 373.709(5), Fla. Stat. Thus, nothing precludes the Commission from ordering rulemaking directed at anything other than approval. In this manner, the statute is read plainly and to give the most effect and power to each provision. The Commission maintains its statutory authority to order rulemaking and the districts maintain their statutory exemption from formal rulemaking in adopting a plan. The Commission could have granted Appellant the remedy it seeks and the Secretary’s denial on this ground was in error.
Thus, it is necessary to address whether the order raises significant issues of policy. We find it does.
While plans provide options, and would not substantially affect an interest or be an “activity authorized,” a plan contains goals and objectives. See § 373.709, Fla. Stat.; Wash. Cnty., 85 So.3d at 1129-31 (discussing plan objectives and highlighting that even with authorized AWS selection, permit request must still show actual project comports with plan objectives). It would be difficult to say that a developed plan, approving certain options, and listing them for general use would not “raise an issue of policy.” A new AWS adds approved options and would comport with the goals and objectives of the water management district. For sure, entities can go outside the plan options and merely being a plan option is no guarantee of ultimate project approval. But the addition of an option to the plan would indicate the district’s approval, objective, and goal regarding this option. This approval raises an issue of policy. And it does so “from the standpoint, of agency precedent.” Moving forward, the precedent is now that surface water pulls constitute approvable plan options. Thus, while not “substantially affecting” interests or “authorizing an activity,” the Plan raises a policy issue sufficient to invoke the Commission’s jurisdiction.
The Secretary’s determination to the contrary was in error — as was the Secretary’s unilateral determination the Commission was without jurisdiction. The Secretary’s procedural mistake therefore affected the correctness of the action. This error was not harmless. Accordingly, the order declining review is REVERSED.
PADOVANO and SWANSON, JJ., concur.