IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PROVIDENT GROUP-
CONTINUUM PROPERTIES,
L.L.C., A FLORIDA NOT FOR
PROFIT LIMITED LIABILITY
COMPANY, AS TRUSTEE FOR
THE USE AND BENEFIT OF
THE UNIVERSITY OF
FLORIDA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2655

  Appellant,

v.

ED CRAPO, IN HIS CAPACITY
AS ALACHUA COUNTY
PROPERTY APPRAISER, AND
VON FRASER IN HIS
CAPACITY AS ALACHUA
COUNTY TAX COLLECTOR,

  Appellee.

_____/

Opinion filed February 3, 2015.

An appeal from the Circuit Court for Alachua County.
Victor Lawson Hulslander, Judge.

David K. Miller, of Broad and Cassel, Tallahassee, for Appellant.

John C. Dent, Jr., and Jennifer A. McClain, of Dent & McClain, Chartered, Sarasota, for Appellee.

PER CURIAM.

Appellant, Provident Group-Continuum Properties, L.L.C., appeals an order dismissing its declaratory action against appellees, Ed Crapo, Alachua County Property Appraiser, and Von Fraser, Alachua County Tax Collector, seeking to establish immunity from liability for ad valorem taxes assessed for 2010, 2011, 2012, 2013, and 2014, on a Gainesville property that appellant owns and operates as graduate student apartments for the University of Florida. We reverse and remand for further proceedings.

Appellees filed a motion to dismiss the complaint for lack of jurisdiction under section 194.171(2), Florida Statutes (2013), a statute of non-claim that requires actions to challenge tax assessments to be filed within 60 days from certification. The statute provides that its requirements are jurisdictional, barring any action filed beyond the deadline. Appellant contended that its otherwise untimely complaint was not time-barred, because appellant holds the property as trustee of an express trust for the use and benefit of the University of Florida, and Florida Rule of Civil Procedure 1.210(a) permits the trustee of an express trust to prosecute an action for the real party in interest. The University, the real party in interest, is a subdivision of the state and thus is exempt from the 60-day time limit as stated in <u>Cason v. Department of Management Services</u>, 944 So. 2d 306 (Fla. 2006) (the 60-day jurisdictional time limit in section 194.171(2) does not apply to

2

a challenge by the state or its political subdivisions that a tax assessment is void, because the state is not a "taxpayer" under the statute).

The circuit court dismissed appellant's action with prejudice for lack of jurisdiction. The only mention of a trust in the Operating Agreement provides: "All property of the Company will be imposed with a charitable trust in furtherance of these charitable purposes." The court observed that this provision does not state that the property *is* held in trust, only that it *will be imposed* with a trust, citing Brevard County v. Ramsey, 658 So. 2d 1190 (Fla. 5th DCA 1995). In that case, the court found a valid trust based upon the owners' written declaration that they held the property as trustees for the use and benefit of the beneficiary. The court concluded that the documents in the case did not establish that appellant is the trustee of an express trust.

This court reviews de novo whether the lower court had subject matter jurisdiction. See Washington County v. Northwest Fla. Water Mgmt. Dist., 85 So. 3d 1127 (Fla. 1st DCA 2012). A trust is a property interest held by the trustee at the request of the settlor for the benefit of the beneficiary. Black's Law Dictionary, 1740 (10th ed. 2014). An express trust is "created with the settlor's express intent, usually declared in writing." Id. at 1743. The circuit court was mistaken in concluding that an express trust can be created only in the manner described in Brevard County. On the contrary, the Fifth District merely concluded that the

3

method and form used in that case did establish a trust, characterizing this as "the simplest method of accomplishing [such] purpose." Id. at 1194 (quoting William F. Fratcher, Scott on Trusts, § 17.1, at 226-28 (4th ed. 1988)). The court did not suggest that this is the only method.

A more recent edition of Scott on Trusts provides:

> An express trust may arise even if the settlor has never called it a trust, and even if the settlor does not understand what a trust is. It is sufficient if what the settlor appears to have had in mind is in its essentials what the courts mean when they speak of a trust.
>
> * * *
>
> No particular words or conduct is necessary to manifest the intention to create a trust. Indeed, it is possible to create a trust without using either the word "trust" or the word "trustee."

1 Austin Wakeman Scott, William Franklin Fratcher, Mark L. Ascher, Scott & Ascher on Trusts, § 2.1.8, at 40; § 4.2, at 179 (5th ed. 2006).

In Brevard County, the Fifth District observed that although the declaration of trust named the owners as trustees of the real property for the use and benefit of a particular corporation, the document was otherwise "silent as to any power or duties of the [owners] as trustees and as to the disposition of the trust estate." Brevard County, 658 So. 2d at 1192. In contrast, the case at bar presents nearly the opposite situation: the documents don't state that appellant was "trustee" of the property being held "in trust" for the University, but the documents are otherwise

4

replete with statements regarding the powers and duties of appellant for the benefit of the University, including provisions requiring ultimate disposition of the trust property to the University, all of which establish the creation of a trust.

We conclude that the documents established a trust for the benefit of the University of Florida, and thus appellant, as trustee, has standing to contest the tax assessment and is not barred by the time limit of section 194.171(2).

REVERSED and REMANDED.

PADOVANO, CLARK, and MARSTILLER, JJ., CONCUR.