NESBITT, Judge.
Cordis Corporation (“Cordis”) seeks review of an order entering judgment on the pleadings in favor of third-party defendants Baxter Healthcare Corporation, Baxter Diagnostics, Inc., and Dade Diagnostics International, Inc. d/b/a Dade International; Inc. (collectively “Baxter”).[1] We affirm.
This case arises out of a suit filed by Florida Property Services, Inc.[2] (“Broker”) against Cordis for a real estate commission. Two counts of the Broker’s complaint alleged, respectively, breach of an express or implied contract and unjust enrichment by Cordis. The Broker claimed it was the procuring cause of a lease agreement between Cordis, the lessor, and Baxter, the lessee.
The relevant facts of this case are as follows: On August 14, 1987 Cordis entered into an exclusive listing agreement with the Broker to attempt to sell or lease the subject property. In September of 1988, the Broker showed the property to Baxter, whose offer to lease only a portion of the property Cordis subsequently rejected. Cordis, in May of 1989, exercised its option to terminate the listing agreement with the Broker as of June 30,1989. The Broker claimed, however, that despite the termination, Cordis orally agreed *848 to pay the Broker a commission if it produced a prospect who purchased or leased the subject property.
As time passed, the Broker alleged that it continued to work to find a tenant for the property. The Broker also stated that it maintained contact with Baxter regarding their interest in Cordis’s property. Ultimately, in March of 1991 Baxter approached Cordis through its own broker, Trammel Crow Realty Associates, Inc., and a lease for the entire property was executed. The Broker then filed its complaint to recover a commission.
The Cordis-Baxter lease contains a clause which provides in pertinent part:
Each party represents and warrants that it has not dealt with any broker, agent, or other person in connection with this transaction except Trammel Crow Realty Associates, Inc.... Lessor and Lessee agree to indemnify and hold the other party harmless from and against any claims by any other broker, agent or other persons claiming a commission or other form of compensation by virtue of having dealt with the indemnifying party with regard to this leasing transaction.
Cordis’s third-party complaint essentially alleges that the Broker’s claims against Cor-dis triggered Cordis’s claim for indemnification under the lease. Further, Cordis argues that the Broker’s claims were premised on the allegation that the Broker had “dealt with” Baxter and, therefore, Baxter is obligated under the indemnification clause in the lease to indemnify Cordis for the attorneys’ fees and costs it incurred in defending against the Broker’s claims.
Following oral argument while the case was pending for resolution, we were advised that the first-party action by Florida Property Services against Cordis resulted in a verdict in Cordis’s favor. Baxter claims that such a resolution necessarily precludes any recovery in the third-party claim brought by Cordis against it. Cordis, on the other hand, argues that the original claims were brought because the Broker “dealt with” Baxter, entitling Cordis to indemnification for attorneys’ fees and costs incurred in its successful defense of the claims. Accordingly, we must analyze the subject indemnification clause in light of the pleadings in order to resolve this dispute.
No argument is made that the indemnity agreement here involved purported to indemnify the parties for their own wrongful acts; indeed, such an agreement would not be enforced in the “absence of [a] clear and unequivocal contractual expression of such an intent....” Hoskins v. Midland Ins. Co., 395 So.2d 1159, 1160 (Fla. 3d DCA), rev. denied, 407 So.2d 1104 (Fla.1981). Arising in a similar factual context, the Fifth District’s opinion in Bodon Indus., Inc. v. Brown, 645 So.2d 33 (Fla. 5th DCA 1994), is instructive in construing indemnity agreements of the kind here at issue! “The indemnity agreement ... between [Cordis] and [Baxter] merely protected [Cordis] against a surprise claim for a commission by a person unknown to [Cordis], or known by it, but without knowledge that the person would be seeking a commission from it.” Id. at 36. Later Bodon states: “An indemnity provision must be construed strictly in favor of the indemnitor [Baxter] when such provision is not given by one in the insurance business but is given as an incident to a contract, the main purpose of which is not indemnification.” Id. (citation omitted).
Under the theories of liability alleged by the Broker, a finding of some degree of responsibility on Cordis’s part was necessarily a component of any judgment entered against it for a commission. For example, count I of the Broker’s complaint alleged in part that “Cordis expressly or impliedly represented to Broker that Cordis would pay Broker a commission if Broker found someone who would lease or sublease the property from Cordis.” (emphasis added). Count II of the Broker’s complaint alleged that “Cor-dis knowingly and voluntarily accepted the benefit of Brokers [sic] services in procuring the lease of the Property by Baxter.” (emphasis added). Both of the above claims were necessarily premised on some “wrongful act” or conduct on Cordis’s part and Cordis may not seek indemnification under the clause at issue for claims of that nature. Moreover, the claims against Cordis were *849 made by a person Cordis knew might possibly be seeking a commission from it. Ac-eordingly, we hold that the indemnity agreement between Cordis and Baxter does not apply to the claims that were lodged against Cordis by the Broker.
Consequently, we dismiss the petition for common law certiorari and affirm the trial court order in favor of Baxter which found that Cordis was not entitled to indemnification from Baxter for the specific claims filed by the Broker.
Affirmed.

. Cordis petitioned this court for certiorari review of the orders complained of in Case No. 95-3440. Cordis, in the alternative, filed a notice of appeal of these orders in Case No. 95-3491. Because the order entering judgment on the pleadings is a final appealable order we need not address, and dismiss, Cordis's petition for a writ of certiorari.

. First Commercial Realty Airport West, Inc. and AGI Realty, Inc. assigned to Florida Property all of their rights, title, and interest to any real estate brokerage commission due from Cordis.