# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-337
Lower Tribunal No. 13-36927
_____

**Warren W. Lovell, et al.,**
Appellants/Cross-Appellees,

vs.

**Martiniano J. Perez, et al.,**
Appellees/Cross-Appellants.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Easley Appellate Practice PLLC, and Dorothy F. Easley; Juan Gabriel Miguel, for appellants/cross-appellees.

Shook, Hardy & Bacon LLP, and Sergio E. Pagliery, for appellees/cross appellants.

Before SUAREZ, LOGUE, and LINDSEY, JJ.

LOGUE, J.

Warren and Leslie Lovell appeal a May 21, 2018 final judgment declaring that Martiniano J. and Sofia Perez were not liable to indemnify the Lovells for the real estate commission of the Lovells' listing agent. The judgment also awarded the Perezes $226,240 in attorney's fees. We affirm.

This dispute resulted from the Lovells' sale of their property to the Perezes for $12.4 million. To sell the property, the Lovells entered into a listing agreement with the real estate brokerage firm of One Sotheby's International Realty. As a result of the listing, the Perezes were shown the property by the real estate brokerage firm of Esslinger-Wooten-Maxwell, Inc. During early negotiations, the Lovells were represented by Sotheby's and the Perezes by Esslinger-Wooten. After becoming dissatisfied with Sotheby's services, however, the Lovells canceled their listing agreement with Sotheby's. The parties then agreed to the sale of the property and the sale closed.

The Perezes paid the real estate commission of their real estate broker, Esslinger-Wooten. The Lovells, however, did not pay the commission claimed by Sotheby's. Sotheby's sued the Lovells for the commission. The Lovells wrote a letter demanding that the Perezes indemnify them for Sotheby's claim. The Perezes then intervened in the lawsuit seeking a declaration that they were not liable to indemnify the Lovells. The Lovells counterclaimed against the Perezes. A jury found the Lovells liable for Sotheby's commission. The trial judge entered a

2

judgment on the pleadings for the Perezes on their suit against the Lovells. The judge also entered a summary judgment for the Perezes on the Lovells' counterclaim against the Perezes. Ultimately, the trial court entered the final judgment at issue. The Lovells timely appealed.

This appeal turns on the provision of the sales contract regarding real estate broker's commissions which required the Lovells, as sellers, to indemnify the Perezes, as buyers, in certain circumstances, and the Perezes, as buyers, to indemnify the Lovells, as sellers, in circumstances. The two critical sentences read:

> If a real estate agent/broker claims a commission by virtue of having a listing agreement with the SELLERS, whether on or before the closing date, or by virtue of a verbal or other agreement, SELLERS will indemnify and hold the BUYERS harmless for all fees and costs, including the fee of BUYERS' attorney of choice should BUYERS or either of them be joined in any suit or subpoenaed as a witness or otherwise or if BUYERS must set forth BUYERS' position to such agent/broker by letter or otherwise upon contact by such agent/broker. If a real estate agent/broker claims a commission by virtue of showing the subject property to BUYERS or being a "procuring cause" of the purchase then BUYERS will indemnify and holder [sic] SELLERS harmless for all fees and costs, including the fee of SELLERS' attorney of choice should SELLERS or either of them be joined in any suit or subpoenaed as a witness or otherwise or if SELLERS must set forth SELLERS' position to such agent/broker by letter or otherwise upon contact by agent/broker. The terms of the Paragraph along with Paragraph 15 of the Contract will survive the closing for five (5) years.

The first sentence of this provision clearly establishes that the Lovells, as sellers, will indemnify the Perezes, as buyers, from the claims for commissions based on "a verbal or other agreement." The gravamen of count 1 of Sotheby's

complaint claim against the Lovells was their listing agreement. The Lovells contend, however, this provision was never triggered because the language "joined in any lawsuit" does not encompass the Perezes' voluntarily joining Sotheby's lawsuit against the Lovells. We reject this argument because we find the language broad enough to include a situation, like here, where the Perezes joined the lawsuit only because they received a demand letter from the Lovells.

The Lovells next argue that their right to indemnification as sellers contained in the second sentence was triggered because it refers to a claim by a broker who was a "procuring cause" and the jury found that their broker, Sotheby's, was a procuring cause. Accordingly, the Lovells maintain, the indemnity provision gives them the right to be indemnified by the Perezes from a claim based on the Lovells' own wrongful failure to pay their broker. The Lovells essentially interpret the second sentence making the Perezes responsible for both parties' real estate commissions. We reject this strained interpretation for three reasons.

First, it would essentially render into a nullity the first sentence of this provision which clearly provides the Lovells will indemnify the Perezes under certain circumstances. See Philip Morris Inc. v. French, 897 So. 2d 480, 488 (Fla. 3d DCA 2004) ("Courts are required to construe a contract as a whole and give effect, where possible, to every provision of the agreement."). Second, it runs

4

counter to the law that, in the absence of clear and unequivocal contract language to the contrary, an indemnity agreement regarding broker's commissions does not encompass one party's wrongful failure to pay its own broker. <u>Cordis Corp. v. Baxter Healthcare Corp.</u>, 678 So. 2d 847, 848–49 (Fla. 3d DCA 1996). Finally, it is contrary to the patent intent of the contracting parties, in light of the Lovells' decision to cancel Sotheby's services while the parties were already negotiating the sale, to provide that each party be responsible for its own broker's commission. Courts deciding commercial disputes cannot ignore the obvious commercial realities underlying a contract.

Affirmed.